**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GRAHAM B.C. ROMAN,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:25-786** |
| **v.** | : | **(JUDGE MANNION)** |
| **DR. LAUREL HARRY, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

*Pro se* plaintiff Graham B.C. Roman ("Roman"), a convicted and sentenced state prisoner who is proceeding *in forma pauperis*, filed a complaint seeking declaratory, injunctive, and monetary relief under 42 U.S.C. §1983 against several Commonwealth of Pennsylvania Department of Corrections ("DOC") prison officials, claiming his rights under the Eighth Amendment to the United States Constitution were violated with respect to certain conditions of his confinement at Pennsylvania State Correctional Institution Rockview ("SCI Rockview"). (Doc. 12). The Court screened the complaint pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b) and dismissed Roman's §1983 claims except to the extent he seeks nominal and punitive damages against some of the defendant prison officials in their individual capacities.

M. Rowe, Major Hoover, Sabella, W. Serafini, and Pasquale (collectively, "Defendants") filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Now, for the reasons set forth below, Defendants' motion to dismiss, **(Doc. 23)**, will be **DENIED.**

## I. BACKGROUND

The Clerk of Court docketed Roman's complaint on May 5, 2025. (Doc. 1). In the complaint, Roman names Defendants: (1) Dr. Laurel R. Harry ("Harry"), the Secretary of the DOC; (2) Bobbi Salamon ("Salamon"), the Superintendent of SCI Rockview; (3) Rowe, a Deputy Superintendent at SCI Rockview; (4) Hoover, a Major at SCI Rockview; (5) Sabella, a Facility Safety Manager at SCI Rockview; and (6) Serafini and Pasquale, Unit Managers at SCI Rockview. *Id.*, ¶¶4–10.

Roman alleges that while he was incarcerated on the D-Block at SCI Rockview from June 18, 2024, through April 18, 2025, Defendants subjected him to conditions of confinement that violated his rights under the Eighth Amendment. *Id.*, ¶¶11–61. He alleges that those conditions include: (1) a pigeon infestation; (2) broken tables, chairs, stairs, and window frames in common areas; (3) broken toilets; (4) broken or poor ventilation in his cell; (5) the roof leaking; (6) flooded floors in common areas; (7) excessive bird

droppings in common areas; (8) extreme hot and cold temperatures in cells and common areas; and (9) overcrowding. *Id.,* ¶¶14–49.

Roman allegedly complained about these conditions either in person or through written requests to Salamon, Rowe, Hoover, Sabella, Serafini, and/or Pasquale; however, Roman claims that Defendants repeatedly failed to fix the conditions. *Id.,* ¶¶16, 18–19, 21–22, 31–33, 40–41. He also submitted more than thirteen grievances about these conditions, and some of those grievances, including his complaints about the pigeon infestation, were denied. *Id.,* ¶¶23, 26–27, 31, 40, 45, 56.

Regarding these conditions, Roman avers that the pigeon infestation, which resulted in unsanitary conditions due to bird droppings as well as eggs, feathers, and parts of nests falling from the ceiling, exposed him to diseases such as psittacosis and histoplasmosis, caused him to have difficulty breathing, and a sore throat. *Id.,* ¶¶37–39. He also points out that he is disabled and suffers from severe mental and physical issues, such as osteogenesis imperfecta (a/k/a brittle bone disease), and risked slipping and falling due to the roof leaking and flooded floors. *Id.,* ¶46. Moreover, he claims that the stairs were "rotting away," and "a fire hazard." *Id.,* ¶49. Roman states that Salamon, Rowe, Sabella, Serafini, Pasquale, and Hoover

"maintain[ed] an unwritten custom of ignoring and downplaying dangerous, offensive, and poor prison conditions." *Id.,* ¶34.

On October 14, 2025, this Court dismissed the complaint in part and directed the Clerk of Court to terminate Harry and Salamon as defendants on the docket in this case. (Doc. 13). The Court declared that the case would proceed on only Roman's §1983 Eighth Amendment conditions-of-confinement claims for nominal and punitive damages against Defendants in their individual capacities. *Id.,* ¶3.

Defendants filed the instant motion to dismiss the complaint, (Doc. 23), and accompanying brief in support on January 20, 2026, (Doc. 24). Roman filed a brief in opposition, (Doc. 25), on February 9, 2026. Defendants did not file a reply brief. Accordingly, this matter is now ripe for disposition.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint that contains only "labels

and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8. *Id.*

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plausibility does not require probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

As noted above, the Court at this stage accepts the complaint's factual allegations as true. This tenet "is inapplicable to legal conclusions." *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The federal pleading standard just described requires that district courts "conduct a two-part analysis:"

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

In considering a motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the Court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

**III. DISCUSSION**

§1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. §1983. This statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

> citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution of laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*Id.*

"§1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F.Supp.2d 311, 315 (M.D.Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002)). "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"The Eighth Amendment prohibits cruel and unusual punishment, which includes the unnecessary and wanton infliction of pain by prison officials." *Spellman v. John Doe Sec'y*, No. 3:22-0069, 2023 U.S. Dist. LEXIS 53214, at *4-5 (M.D.Pa. Mar. 28, 2023). "Conditions of confinement may, consistent with the Constitution, be restrictive and harsh." *Id.* at 5 (citing *Rhodes v. Chapman*, 452 U.S. 337, 59 (1981)). Prisoners must, however, be supplied with adequate food, shelter, clothing, medical care, and reasonable

measures must be taken to guarantee their personal safety. *Farmer v. Brennan*, 511 U.S. 825, 811, 832 (1994). “Prison conditions constitute cruel and unusual punishment if they result in serious deprivation of the prisoner's basic human needs.” *Spellman*, 2023 U.S. Dist. LEXIS 53214, at *5 (citing *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000)).

Conditions of confinement violate the Eighth Amendment only if they are “so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life.” *Id.* at *5. However, some conditions may “establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually reinforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.” *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373-374 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

An inmate asserting a claim of an Eighth Amendment violation must allege that: (1) objectively, they were "incarcerated under conditions posing a substantial risk of serious harm," and (2) the defendant prison officials “actually knew of a substantial risk to inmate health or safety” and failed to "respond[ ] reasonably to the risk." *Farmer*, 511 U.S. at 844-45. “The question under the Eighth Amendment is whether prison officials, acting with

deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Id.* at 843 (quoting *Helling v. McKinney*, 509 U.S. at 35 (1993)).

Regarding the first requirement for a conditions-of-confinement claim, Roman claims that constant "exposure to these conditions and the substantial risk of serious damage to his future health has caused severe trauma and [affected] his mental health stability as a D-stability Mental Health Code Inmate." *Id.*, ¶60. He also alleges that the conditions of confinement at SCI Rockview caused him to have difficulty breathing and a sore throat. *Id.*, ¶¶37–39. He further states that the conditions of the prison left him "at high risk of future illnesses and diseases[,]" and that the pigeon infestation exposed him to diseases such as psittacosis and histoplasmosis. *Id.,* ¶¶29, 37.

Defendants argue that the complaint should be dismissed because it is devoid of any medical documentation or expert testimony showing a link between the conditions of confinement and Roman's purported injury or risk of injury. (Doc. 24 at 6). By raising this argument, Defendants are effectively asking the Court to apply a motion for summary judgment standard to Roman's motion to dismiss. At this stage, the standard is not whether Roman provided a plethora of evidentiary support for his claims, but whether,

accepting his facts as true, there exists a plausible claim for relief. *Iqbal*, 556 U.S. at 678. The Court therefore rejects this argument.

Indeed, psittacosis is a "contagious disease of birds . . . transmissible (especially from parrots) to human beings as a form of pneumonia" and defines histoplasmosis as "a fungal infection caused by inhaling airborne spores of the fungus Histoplasma capsulatum, typically found in soil and bat droppings." (Doc. 1-2). Roman also attached to his complaint a compliance consultant's report, which notes the observation of pigeons and the associated health risks. (Doc. 1-1). Accordingly, the Court finds that he has established a plausible claim that he suffered an injury or risk of injury.

A plaintiff making a conditions-of-confinement claim must also allege that prison officials had knowledge of and ignored a substantial risk to inmate safety. *Farmer,* 511 U.S. at 844. Here, Roman avers that he filed multiple verbal and written complaints about the pigeon infestation and other concerns but never received "any type of formal response" or "any notice to changes or remedies that would take place." (Doc. 1 at ¶¶19, 22). Roman also states that after multiple complaints, Defendants told Roman that "this [was] common and there [was] nothing that [could] be done[,]" nor that "[Defendants] [could] do for [Roman]." *Id.,* ¶¶ 17, 32(f). These facts, accepted

as true, create a plausibility that the Defendants knew about and deliberately ignored the risks. *Farmer*, 511 U.S. at 843.

In *Cooper v. Miller*, an inmate also incarcerated at SCI Rockview raised an Eighth Amendment claim based upon the alleged pigeon infestation, arguing that he was exposed to the danger of contracting disease. No. 1:20-CV-2430, 2021 WL 5112268, at *1 (M.D.Pa. Nov. 3, 2021). Upon a motion to dismiss, the defendants similarly argued that "the allegations demonstrate[d] neither deliberate indifference nor constitutional harm." *Id.* at *4. The court denied the motion and found that the plaintiff set forth a plausible Eighth Amendment claim, noting that "a claim may rise to the level of an Eighth Amendment violation when an inmate alleges that he was exposed to a 'substantial risk of serious damage to [his] future health.'" *Id.* at *7 (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (internal citations omitted)). This Court finds the *Cooper* Court's rationale persuasive.

Although Defendants could have possibly shifted the burden back to Roman by showing that "they were . . . unaware of a danger, or that they knew the underlying facts but believed . . . that the risk to which the facts gave rise was insubstantial or nonexistent[,]" they opted not to do so here. *Farmer,* 511 U.S. at 844. Accordingly, this Court holds that Roman's complaint provides a sufficient factual basis to create a plausible claim that:

objectively, he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) Defendants "actually knew of a substantial risk to inmate health or safety" and failed to "respond[ ] reasonably to the risk." *Farmer*, 511 U.S. at 844-45.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint, **(Doc. 23)**, will be **DENIED**. An appropriate order will be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/7/26

25-786-02